# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:06CR165

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WILLIAM GREGORY CURTIS. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon Jason R. Hayes's Motion to Withdraw as Counsel. For cause, Mr. Hayes has shown the court that his law partner represents a co-defendant of Mr. Curtis in this case in what was described to the court as a "domestic matter." From experience gained by the undersigned in 28 years of active trial practice prior to taking the bench, the description of a case as a "domestic matter" in most circumstances involves an issue of child custody. Evidence that a party in a child custody dispute was involved in a conspiracy to distribute methamphetamine would harm that party's chance of success in the "domestic matter." The bill of indictment was "sealed" and Mr. Hayes could not have known that his appointment to represent Mr. Curtis would have any ethical implications until the indictment was "unsealed" and Mr. Hayes could then determine the names of all defendants. As a result Mr. Hayes now finds himself in the possible position of representing Mr. Curtis in this case and the information or potential testimony which Mr. Curtis could provide being prejudicial to the client of Mr. Hayes partner in the domestic matter. This situation creates a conflict of interest for Mr. Hayes and his firm. Further, the client of Mr. Hayes partner is named as a defendant in this case but he has yet to be served

with process or taken into custody concerning these charges. Mr. Curtis may have information or potential testimony which could be both relevant and material evidence against the client who is already being represented by the firm. Mr. Curtis may wish to attempt to receive benefits of providing that information or testimony. The client of the firm may wish to do the same in relation to Mr. Curtis. That the client has not yet been taken into custody does not change the fact that a conflict of interest exists.

Mr. Hayes has further told the court that shortly before the indictment was returned in this matter that he represented another defendant in this bill of indictment in a criminal case which, as described to the court by Mr. Hayes, could be part of the underlying factual basis for the conspiracy charges in this bill of indictment.

Under such circumstances, the North Carolina Rules of Professional Conduct require granting the relief Mr. Hayes seeks. Rule 1.7 states that:

> a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will of be directly adverse to another client; or
>
> (2) the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, **a former client** . . . .

N.C.R.P.C 1.7(a)(2). Rule 1.9(a) of the N.C.R.P.C. provides that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a

2

substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Rule 1.10 is also applicable:

While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibiting lawyer, including a prohibition under Rule 6.6, and the prohibition does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Ethics opinion note CPR 96 is clear: "When different attorneys in the same firm are employed to represent conflicting interests in related cases both must withdraw."

The application of these rules show that such potential conflicts exist that Mr. Hayes would be precluded from ethically pursuing an adequate defense for the defendant. It appearing that Mr. Hayes has properly filed the Motion for Leave to Withdraw and that he has fully complied with the North Carolina Rules of Professional Conduct, he will be relieved of further representation of defendant in this matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that Jason R. Hayes's Motion to Withdraw as Counsel is **GRANTED,** and Jason R. Hayes is **RELIEVED** from further representation of defendant in this matter.

Signed: October 28, 2006

_____
Dennis L. Howell
United States Magistrate Judge